# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittney Gault, | No. CV-23-00747-PHX-MTM |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles Schwab Corporation, | |
| Defendant. | |

TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:

This Report and Recommendation is filed pursuant to General Order 21-25.[1] Before the Court is Plaintiff's Amended Complaint (doc. 12), which the Court will screen pursuant to 28 U.S.C. § 1915(e)(2). The Court will recommend Count Four be dismissed without

[1] General Order 21-25 states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

> IT IS ORDERED that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

> IT IS FURTHER ORDERED designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee. . .

prejudice and Defendant be ordered to answer Counts One and Three of the First Amended Complaint.

**I.      Background**

On May 2, 2023, Plaintiff, a resident of Surprise, Arizona, filed a complaint against Defendant Charles Schwab Corporation. Doc. 1. In an Order dated May 24, 2023, this Court granted Plaintiff's Application to Proceed in Forma Pauperis. Doc. 7. The Court also issued a Report and Recommendation screening the original complaint. *Id*. On June 8, 2023, Plaintiff filed a First Amended Complaint. Doc. 12. As a result of the filing of the First Amended Complaint, the Court's Report and Recommendation screening Plaintiff's original complaint is moot. Doc. 13. Accordingly, the Court will screen Plaintiff's First Amended Complaint under 28 U.S.C. § 1915(e)(2).

**II.     Plaintiff's First Amended Complaint**

In the First Amended Complaint, Plaintiff brings the following claims: In Count One, Plaintiff alleges Defendant discriminated against her by rescinding a conditional offer of employment based on her race and gender in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a); in Count Three, Plaintiff alleges a violation of the Fair Credit Reporting Act; and in Count Four, Plaintiff brings a promissory estoppel claim.[2] Doc. 12.

**A.      Statutory Screening of Complaints Filed in Forma Pauperis**

For cases proceeding in forma pauperis, Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (noting that section 1915(e) applies to all in forma pauperis complaints, not merely those filed by prisoners). Accordingly, "section 1915(e) not only

---

[2] The First Amended Complaint states "Count Two – DISMISSED 05/26/2023." Doc. 12 at 11. In Count Two of the original complaint, Plaintiff alleged a disparate impact claim under Title VII. Doc. 1. The Court's Report and Recommendation dated May 24, 2023, recommended Count Two be dismissed. Doc. 7. The Court's Report and Recommendation dated May 24, 2023, is moot and has not been adopted. Doc. 13. Because Plaintiff does not re-allege Count Two in the First Amended Complaint, the Court will not address it.

permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127. If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See id.* at 1127-29.

Rule 8(a) of the Federal Rules of Civil Procedure provides that to state a claim for relief, a complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." The complaint also must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, the complaint must also provide each defendant with a fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996).

**B.     Count One – Disparate Treatment Claim Based on Failure-to-Hire**

In Count One, Plaintiff alleges Defendant discriminated against her by rescinding a conditional offer of employment based on her race and gender in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a). Doc. 12 at 10. Plaintiff specifically alleges the following: On September 30, 2022, Plaintiff, an African American woman, applied for the role of Participant Services Associate at Defendant's Phoenix office. Doc. 12 at 7. Plaintiff was "fully qualified for the position and had the necessary licenses, skills and knowledge . . . [and] has maintained a stellar record as a licensed insurance agent." *Id.* In October 2022, Plaintiff "completed two interviews" and was extended "an offer of employment contingent on background checks and drug testing." *Id.* at 7-8. Plaintiff provided documentation for the background check, including fingerprints, a drug test, and employment, residential, and academic history. *Id.* at 8. Plaintiff "expressed concern with making an error while completing the digital forms for the background investigation in the chain of emails." *Id.* at 9. On October 31, 2022, Defendant then informed Plaintiff by phone "the company made a business unit decision to not move forward with her employment

offer based on information from her background." *Id*. Plaintiff was informed "[h]er conditional offer of employment with Schwab was rescinded." *Id.* On November 2, 2022, Plaintiff received an email thanking her for applying and stating Defendant moved forward with other candidates. *Id.* Plaintiff "request[ed] a formal review of the decision" and a managing director informed her the decision was based on Plaintiff's prior terminations from two places of employment. *Id.* On November 4, 2022, Plaintiff was given a copy of the "Cisive background Check report" used to make the final decision. *Id.* The position "remained open" and Defendant "continued to publicize the role via email to [Plaintiff]" after rescinding the conditional job offer. *Id.* Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and was given a right-to-sue letter dated February 6, 2023. *Id.* at 5. Plaintiff argues Defendant "misus[ed] her background information to rescind her employment offer based on her protected status" as an African American woman. *Id.* at 10.

Under Title VII, it is unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a prima facie case for racial discrimination based on a failure to hire, a plaintiff must state: "(1) she belongs to a protected class; (2) she applied for and was qualified for the position she was denied; (3) she was rejected despite her qualifications; and (4) the employer filled the position with an employee not of plaintiff's class, or continued to consider other applicants whose qualifications were comparable to plaintiff's after rejecting plaintiff." *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Plaintiff alleges she is a member of a protected class based on her race and gender, she is qualified for the job, she was rejected despite her qualifications, and that the position remained open because Defendant informed her of its intention to move forward with other applicants and continued to publicize the position. Doc. 12 at 7-10. Liberally construed, Plaintiff has stated a prima facie case of a discriminatory failure-to-hire claim under Title

VII.

### C.    Count Three – Fair Credit Reporting Act Claim

Plaintiff also alleges a violation of the Fair Credit Reporting Act ("FCRA"). Doc. 12. Congress enacted FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007)). The FCRA requires an employer provide a job applicant with "a standalone, clear and conspicuous disclosure of its intention" to obtain a consumer report about the job applicant and obtain the applicant's consent before obtaining the report. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1086-87 (9th Cir. 2020) (citing 15 U.S.C. § 1681b(b)(2)(A)). Before taking any adverse action based on the consumer report, the employer must disclose "a copy of the report," and "a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau [of Consumer Financial Protection] under section 1681g(c)(3) of this title." 15 U.S.C. § 1681b(b)(3)(A); *see also Walker*, 953 F.3d at 1092. An adverse action is "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii). The pre-adverse action notice to the prospective employee must include "a description of the consumer's right to dispute with a consumer reporting agency the completeness or accuracy of any item of information contained in the consumer's file at the consumer reporting agency." *Walker*, 953 F.3d at 1093 (citing 15 U.S.C. § 1681g(c)(1)(B)(iii)). To recover damages, a plaintiff must allege the employer's violations of FCRA were negligent or willful. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1332 (9th Cir. 1995).

Plaintiff alleges she was not provided a pre-adverse action notice including a copy of the consumer report and a notice of her rights under FCRA. Doc. 12 at 10. She alleges Defendant rescinded her conditional job offer on October 31, 2022, and she never received a notice of a rights and did not receive a copy of the consumer report until November 4, 2022. *Id.* at 10. She alleges Defendant's "actions were taken with discriminatory bias and

disregard of [Plaintiff's] rights," and as a result she suffered "significant financial damage, humiliation, and emotional distress." *Id.* at 11. Accordingly, liberally construed, Plaintiff has stated a claim under FCRA in Count Three. *See* 15 U.S.C. § 1681b(b)(3)(A); *see also Walker*, 953 F.3d at 1092.

### D.    Count Four – Promissory Estoppel

In Count Four, Plaintiff alleges she "had reasonable reliance to continue forth with relocating to Arizona from Illinois based on her acceptance of the offer of employment and confirmation from Mr. Sales affirming the background check would be used to verify licensing, work history and criminal background . . . [a]s a result of Ms. Gault's reliance on this promise, she suffered significant financial harm, detriment, and adverse employment consequences including declining job offers and significant financial distress." Doc. 12 at 12.

To prove promissory estoppel, Plaintiff must prove: (1) that Defendant made a promise, (2) that Defendant should have reasonably foreseen Plaintiff would rely on that promise, and (3) that Plaintiff actually relied on that promise. *Higginbottom v. State*, 51 P.3d 972, 977 (Ariz. Ct. App. 2002). Additionally, Plaintiff "can only recover under the theory of promissory estoppel if [they] had a 'justifiable right to rely' on the alleged promise." *Id.* Promissory estoppel is to be applied "if injustice can be avoided only by enforcement of the promise." *Trollope v. Koerner*, 470 P.2d 91, 99 (Ariz. 1970). Promissory estoppel is "an alternative to [a] contract claim," and it "affords relief to parties if justice requires it and the requirements for promissory estoppel are met, but some element necessary to the creation of an enforceable contract . . .  is not present." *AROK Constr. Co. v. Indian Constr. Servs.*, 848 P.2d 870, 878 (Ariz. Ct. App. 1993); *Kersten v. Cont'l Bank*, 628 P.2d 592, 595 (Ariz. Ct. App. 1981).

Plaintiff has not stated a claim for promissory estoppel. Plaintiff does not allege a job offer was ever extended. Rather, Plaintiff claims a conditional job offer was rescinded, and Defendant declined to move forward with her employment application based on information from her background check. Defendant is not alleged to have made a promise

of employment. Plaintiff has not alleged sufficient facts to meet the essential elements of a promissory estoppel claim because there was no offer or promise of employment. *See Hoffman v. Neiman Marcus Grp., Inc.*, No. CV 04-2211-PHX-MHM, 2006 WL 8441539, at \*4 (D. Ariz. Sept. 29, 2006) (granting summary judgment on promissory estoppel claim under Arizona law where "it is undisputed that no specific job offer was made, no paperwork was started and no monetary term of compensation was communicated"); *c.f. Thommeny v. Paramount Pictures Corp.*, 2011 WL 2899340, at \*5 (C.D. Cal. July 13, 2011) (dismissing promissory estoppel claim finding a conditional job offer does not constitute a promise satisfying the elements of promissory estoppel under California law, which similarly requires a clear and unambiguous promise and reasonable, foreseeable reliance on that promise). Accordingly, the Court will recommend Count Four be dismissed without prejudice.

**III.   Conclusion**

The Court recommends Defendant be ordered to answer Counts One and Three of the Complaint and Count Four be dismissed without prejudice for failure to state a claim. Accordingly,

**IT IS RECOMMENDED** that Defendant shall answer Counts One and Three of the First Amended Complaint (doc. 12).

**IT IS FURTHER RECOMMENDED** that Count Four of Plaintiff's First Amended Complaint (doc. 12) be **dismissed without prejudice**.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal under Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of this Report and Recommendation's copy to file specific, written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days to respond to the objections. Failure to timely object to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without

further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely object to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 17th day of July, 2023.

Michael T. Morrissey
Honorable Michael T. Morrissey
United States Magistrate Judge