**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittney Gault, | No. CV-23-00747-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Schwab Corporation, et al., | |
| Defendants. | |

On August 4, 2025, the court granted defendant Charles Schwab Corporation's motion for summary judgment and entered judgment in Schwab's favor. (Doc. 89, 90.) From September 2 through September 8, 2025, plaintiff Brittney Gault filed a variety of confusing motions seeking relief from that judgment. None of those motions establish the August 4 order was incorrect.

Close to midnight on September 2, 2025, Gault filed a Motion for Reconsideration. (Doc. 92.) At approximately 1:00 a.m. on September 3, Gault filed a "Motion for Leave to File Out of Time" explaining she "encountered technical difficulties" that led to her motion for reconsideration being filed at 12:04 a.m. on September 3, "four minutes past the deadline." (Doc. 98.) Approximately five hours after that, Gault lodged a slightly different version of her motion for reconsideration, but she did not explain why. (Doc. 94.) Gault also filed a motion seeking to file under seal documents she had already filed on the public docket in connection with her motions for reconsideration. (Doc. 96.) On September 4, 2025, Schwab moved to strike portions of Gault's filings consisting of documents subject

to a protective order that contained private information regarding non-parties.

On September 8, 2025, Gault filed a "Motion to Withdraw Doc. 92, Prior Motion for Reconsideration." (Doc. 98.) The motion to withdraw explains the second version of the motion for reconsideration filed at Doc. 93 is a "corrected" version of her motion and it is that version Gault wishes the court to consider. Also on September 8, 2025, Gault filed a "Motion to Correct Exhibit D and Transfer to Appendix A Under Seal." (Doc. 99.) Although hard to follow, that motion appears to request that certain documents Gault filed on the public docket be placed under seal.

### I. Motion to Withdraw

Gault asks the court allow her to withdraw the motion for reconsideration found at Doc. 92. (Doc. 98.) The court generally allows parties to pursue their claims or defenses as they deem appropriate. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). There is no basis for the court to require Gault to pursue a motion she is no longer interested in pursuing. Gault's request to withdraw her motion at Doc. 92 is granted.

### II. Motion for Leave to File Out of Time

The motion for reconsideration Gault wishes to pursue was filed on September 3, 2025. (Doc. 94.) That motion states it is brought "under Federal Rule of Civil Procedure 59(e)." (Doc. 94 at 1.) A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." And Federal Rule of Civil Procedure 6(b)(2) states "[a] court must not extend the time to act under [Rule 59(e)]." Judgment was entered on August 4, 2025, meaning Gault had until September 2, 2025, to file her Rule 59(e) motion. Gault's "Motion for Leave to File out of Time" requests the court grant an extension of the Rule 59(e) deadline such that her September 3 motion for reconsideration can be considered on its merits. But the court lacks the power to extend that deadline, so Gault's motion filed on September 3 is denied as untimely.

### III. Motion for Reconsideration

Even if the court were able to consider Gault's September 3 motion, she has not met the high standard for relief. A Rule 59(e) motion "should not be granted, absent highly

- 2 -

unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Gault appears to base her motion primarily on additional evidence she believes the court should have considered. That evidence was "previously omitted, excerpted, or submitted in incomplete form due to procedural misunderstanding and technical limitations." (Doc. 94 at 1.) In other words, Gault had the evidence when opposing Schwab's motion for summary judgment but did not submit it at that time.

It was Gault's responsibility to provide the evidence she believed relevant to her claims when she opposed the motion for summary judgment. Fed. R. Civ. P. 56(c)(1). If Gault is arguing the additional evidence she now provides should be deemed "newly discovered," she is incorrect. "The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into newly discovered evidence." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (simplified). Gault has not provided any legitimate basis for her failure to file the evidence earlier and the court will not consider it.

Beyond relying on untimely evidence, Gault's motion for reconsideration argues the court committed "clear errors" in rejecting her claims. (Doc. 94 at 10.) The court provided lengthy analyses for Gault's claims based on the evidence properly presented at that time, and she has not identified any error in the court's analyses. The motion for reconsideration is denied.

### IV.   Motion to Seal and Motion to Strike

In connection with her motions for reconsideration Gault filed documents that were produced under a protective order and that contained confidential information regarding non-parties. Gault requested those documents be filed under seal while Schwab requested the court strike the documents. Only sealing the documents will prevent public access. The motion to seal is granted and the motion to strike is denied.

**IT IS ORDERED** the documents found at Doc. 92-3 and 94-1 shall be **SEALED**.

1  The motions found at Doc. 92 and Doc. 94 shall not be sealed. This order shall not be
2  sealed.
3     **IT IS FURTHER ORDERED** the Motion to Withdraw (Doc. 98) is **GRANTED**
4  and the Motion for Reconsideration (Doc. 92) is **WITHDRAWN**. The Motion for
5  Reconsideration lodged at Doc. 94 shall not be filed but shall remain lodged.
6     **IT IS FURTHER ORDERED** the Motion for Leave to File Out of Time (Doc. 93)
7  is **DENIED**.
8     **IT IS FURTHER ORDERED** the Motion to Seal (Doc. 96) is **GRANTED** and
9  Motion to Strike (Doc. 97) is **DENIED AS MOOT**.
10    **IT IS FURTHER ORDERED** the Motion to Amend (Doc. 99) and Motion for
11 Leave (Doc. 101) are **DENIED**.
12    Dated this 10th day of September, 2025.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge