**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittney Gault, | No. CV-23-00747-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Schwab Corporation, et al., | |
| Defendants. | |

After the court granted summary judgment in favor of defendants they filed a bill of costs. (Doc. 91.) If plaintiff Brittney Gault wished to object to that bill, Local Rule 54.1(b) required she do so "[w]ithin fourteen (14) days after service of the bill of costs." Gault did not file an objection. On November 25, 2025, the Clerk of Court entered a taxation judgment against Gault in the amount of $3,334.00. (Doc. 105.) On December 1, 2025, Gault filed a "Motion to Stay Enforcement of Taxation of Costs Pending Appeal." (Doc. 106.) That motion argues Gault did not file an objection to the bill of costs because she had been granted permission to proceed in forma pauperis and she believed "costs could not be awarded against an IFP litigant while pursuing post-judgment remedies." (Doc. 106 at 3.) But Gault does not seek to file an untimely objection. Rather, Gault requests the court "stay enforcement of the Taxation of Costs (Doc. 105) in its entirety pending resolution of Plaintiff's appeal." (Doc. 106 at 4.)

Federal Rule of Civil Procedure 62(a) provides a monetary judgment is automatically stayed for 30 days after its entry. That stay is automatically extended upon

the posting of a supersedeas bond. Fed. R. Civ. P. 62(b); *Bennett v. Franklin Res., Inc.*, 360 F. Supp. 3d 972, 977 (N.D. Cal. 2018). Gault does not address the possibility of posting a bond or any other form of security, so presumably she is requesting the court stay the judgment without requiring any bond.

Granting a stay when no bond is posted is "a matter strictly within the judge's discretion." *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977). In exercising that discretion, district courts "within the Ninth Circuit often employ the five-factor test articulated by the Seventh Circuit in *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)." *Williams v. J.B. Hunt Transp., Inc.*, No. CV 20-01701 PSG (JDEX), 2024 WL 6843646, at *2 (C.D. Cal. June 17, 2024). Those factors are:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the applicant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the party is in such a precarious financial situation that the requirement to post a bond would place other creditors of the applicant in an insecure position.

*Id.* Here, the factors do not support granting a stay.

The court has no evidence regarding the expected complexity or length of the collection process. But the court has a very low "degree of confidence" in Gault's ability to pay the judgment. *Id.* Gault does not provide any evidence that if a stay is granted, she will be able to pay the judgment later. Instead, she seems to argue she currently lacks funds to satisfy the judgment so a stay would be merited. But current inability to satisfy a judgment is not a basis for staying the judgment pending appeal. To the extent Gault believes she might never be responsible for the judgment because she is likely to prevail on appeal, the court disagrees. Gault not shown any significant likelihood of prevailing on appeal. Granting her request would therefore merely delay the inevitable.

/

/

/

- 2 -

It was Gault's burden "to objectively demonstrate the reasons for departing from the usual requirement of a full supersedeas bond." *Id.* She has not done so and her motion to stay is denied.

Accordingly,

**IT IS ORDERED** the Motion to Stay (Doc. 106) is **DENIED**.

Dated this 19th day of December, 2025.

_____

**Honorable Krissa M. Lanham**
**United States District Judge**